**DECLARATION OF GREGORY J. CHRISMAN**

I, GREGORY J. CHRISMAN, declare as follows:

The facts stated in this declaration are of my own personal knowledge, and if called upon as a witness, I could and would testify competently thereto. I make this declaration in support of my motion to suppress.

1. I was a pilot in the Air Force for approximately 20 years including my active duty and my reserve service.

2. Since February 17, 1994, I have been flying as a pilot for Southwest Airlines.

3. To fly with Southwest Airlines, the FAA rules require me, every six months, to meet with a doctor, who is also known as an Aviation Medical Examiner ("AME"), to be tested for fitness to fly. This is mandatory per the FAA. I cannot work as a pilot with Southwest if I do not submit to this examination by the AME.

4. When I have met in the past with the AME doctors as part of my FAA mandated medical examination that is when I fill out the FAA's form 8500. It is my understanding and belief that the AME goes over the information on the FAA Form 8500 as part of my medical examination; that is what I have observed. During the course of meeting with the AMEs, the AME doctor asks me questions and examines me. I feel obligated to answer all of the AME's questions.

5. One of the AME doctors I have seen the most over the years is Dr. William Brath.

6. I had a situation a number of years ago where I was drinking too much and was losing the ability to function properly in my life. I came to realize I was an alcoholic. I have learned through treatment for my alcoholism that I was using alcohol to self-medicate for the trauma I suffered as a combat pilot in the Air Force.

7. Dr. Brath, as my AME, helped me get help for my alcoholism, monitored my progress for several years, received reports from a psychologist I saw, Dr. Rozansky, about my mental issues tied up with my alcoholism, and generally oversaw my treatment. I found him very helpful and involved with my care and treatment. He terminated my monitoring in 2016 I assume because I progressed to the point that I did not need the monitoring any longer.

8. I assumed for years that he knew my full medical and mental health history from his

1 examinations and all the reports, including the mental health reports from Dr. Rozansky, he received as
2 the coordinating doctor for my alcoholism treatment.

3     9. I felt I could trust Dr. Brath, and I revealed to him private and confidential information
4 when he saw me. While I assumed he would pass along what he learned from me to the FAA regulatory
5 personnel so that the agency would know my situation and could decide if I could fly, I had an expectation
6 of privacy and trust in my communications with Dr. Brath that he would not tell others what we had
7 discussed and other details about my medical history and mental health issues. I never consented to allow
8 him to tell criminal agents about our conversations, my medical records, information I had provided him,
9 or my medical or mental health issues.

10     10. On or about August 12, 2019, I learned that Dr. Brath had spoken to the criminal agents
11 working on this criminal case, that is, Special Agents Reggie Lee and Andres Gonzalez, and had disclosed
12 information about me to them.

13     11. I was not told about this disclosure of my medical conditions to the Special Agents prior
14 to their meeting.

15     12. I did not consent to Dr. Brath sharing my medical conditions and illnesses to the Special
16 Agents during that August meeting.

17     13. In July 2018, I also met with Dr. Stuart Bussey during one of my AME examinations.
18 While I assumed he would pass along what he learned from me to the FAA regulatory personnel so that
19 the agency would know my situation and could decide if I could fly, I had an expectation of privacy and
20 trust in my communications with Dr. Bussey that he would not tell others what we had discussed and other
21 details about my medical history and mental health issues.

DECLARATION OF GREGORY J. CHRISMAN IN SUPPORT OF MOTION TO SUPPRESS
-2-
Case No. 3:18 CR 390 V

4828-0661-0080.5

14. I understand from reading the discovery from the government in my case that special agents from the government interviewed Dr. Bussey and obtained information from him about me. I never consented to allow him to tell criminal agents about our conversations, my medical records, information I had provided him, or my medical or mental health issues.

15. I request that this declaration be filed under seal in order to protect my privacy and the confidential nature of the information contained in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2019, in Waikoloa, Hawaii.

_____
GREGORY J. CHRISMAN