1  LAW OFFICES OF JONATHAN D. MCDOUGALL
   JONATHAN D. MCDOUGALL, CA BAR NO. 212359
2     JMCDOUGALL.LAW@GMAIL.COM
   1640 LAUREL STREET
3  SAN CARLOS, CA 94070-5217
   TELEPHONE: 650.594.4200
4  FACSIMILE:   650.594.4205

5  PAMELA L. JOHNSTON, CA BAR NO. 132558
      PJOHNSTON@FOLEY.COM
6  DANIEL R. STURM, CA BAR NO. 314689
      DSTURM@FOLEY.COM
7  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
8  LOS ANGELES, CA 90071-2411
   TELEPHONE: 213.972.4500
9  FACSIMILE:   213.486.0065

10 Attorneys for Defendant
   GREGORY JAMES CHRISMAN

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15 UNITED STATES OF AMERICA,            Case No. 3:18 CR 390 VC

16                       Plaintiff,     **DEFENDANT'S MOTION IN LIMINE
                                        TO EXCLUDE REFERENCE TO
17          vs.                         GUILTY PLEA AND EVIDENCE IN
                                        SUPPORT OF COUNTS I AND II**
18 GREGORY JAMES CHRISMAN,

19                       Defendant.     Pretrial Hearing:
                                        November 26, 2019
20                                      1:30 p.m.

21

22          Defendant Gregory James Chrisman ("Mr. Chrisman"), through his undersigned

23 counsel, hereby files this motion in limine to exclude any and all reference to his plea of

24 guilty to Counts I and II of the Superseding Indictment (Dkt. 42) for violations of 18

25 U.S.C. § 1001 and evidence relevant to those counts, and states in support as follows.

26 The defense files this motion in limine after the November 7, 2019, motion in limine

27 deadline because the issues only arose after Mr. Chrisman pleaded guilty on November

28 14 and after the government filed its exhibit list and witness list on November 18, 2019.

4824-8424-2861.1

# INTRODUCTION

On November 14, 2019, Mr. Chrisman appeared before this Court and pleaded guilty to two counts of making false statements to a government agency, in violation of 18 U.S.C. § 1001(a)(2) (Counts I and II of the superseding indictment) for his false statements on Form 8500-8s submitted to the Federal Aviation Administration ("FAA") in December 2017 and June 2018.  Mr. Chrisman still faces charges for witness tampering, obstruction of justice, and contempt (Counts III-V of the Superseding Indictment) for his alleged conduct between January 7 and January 14, 2019. (Dkt. 42). The parties are set to commence trial on these three remaining counts December 2, 2019.

Four days after the defendant's guilty plea, on November 18, 2019, the government filed its witness and exhibit lists.  Its post-guilty plea exhibit list contains 125 potential exhibits including all of the FAA 8500-8 forms from 1980- 2019 (Tr. Exs. 18-64) (Dkt. 71).[1] It also includes all the FAA's medical certificates from 2008 – 2018 (Tr. Exs 65-79) (Dkt. 71).  In its post-guilty plea witness list, the government lists a witness, Dr. Stuart Bussey, who is only relevant to Counts I and II (Dkt. 70).

The government's witness and exhibit lists make it clear that the government still intends to seek to admit evidence regarding these false statement counts. Counts I and II are no longer at issue. This trial is about Mr. Chrisman's alleged conduct in January 2019 and whether that conduct amounts to witness tampering, obstruction of justice, and contempt. Counts I and II are now moot, as Mr. Chrisman has plead guilty to those counts, and the government should not be permitted to introduce evidence relevant only to Counts I and II to bolster its thin evidence regarding the witness tampering, obstruction and contempt counts.

# ARGUMENT

At the trial, the Court should prohibit the government from referencing or introducing evidence of, or making reference to, Mr. Chrisman's guilty plea on Counts I

---

[1] Before Mr. Chrisman pleaded guilty to Counts I and II, the government moved in limine to admit Mr. Chrisman's Form 8500-8s only from 2012 to 2018. (Dkt. 58).Thus, it is unclear why the government now seeks to admit the forms dating back to 1980.

and II.   Additionally, the Court should curtail the government's evidence regarding the false statement counts. Such evidence is inadmissible pursuant to Federal Rules of Evidence 402, 404(b)(1), and 403.  We understand that the jury will need some context to understand Mr. Chrisman's alleged misdeeds in January 2019.  But that context should be very simple and quite limited to avoid retrying him on the same counts to which he pleaded guilty.  It can involve notice of the content and timing of government investigation.  But more is not needed.

First, evidence of Mr. Chrisman's guilty plea to Counts I and II, and evidence supporting his guilt of those counts, is irrelevant to Counts III through V. Indeed, even if the guilty plea and evidence supporting those counts has some marginal relevance, it is nonetheless prohibited by Rule 404(b)(1) because it indicates that Mr. Chrisman is guilty of a crime not now charged and would inescapably constitute propensity evidence. Finally, any such evidence would be of negligible, if any, relevance but, in all likelihood, would substantially confuse the jury and prejudice the jury against Mr. Chrisman, meaning it should be excluded under Rule 403.

**A.      Irrelevant Evidence, Including Evidence of Mr. Chrisman's Guilty Plea and Evidence Only Relevant to Counts I and II, must be Excluded.**

Rule 402 permits the Court to admit relevant evidence unless otherwise prohibited by, *inter alia*, the Federal Rules of Evidence.  Rule 402 prohibits courts from admitting irrelevant evidence, stating that "[i]rrelevant evidence is not admissible." Rule 401 explains that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Thus, while not all relevant evidence is admissible, irrelevant evidence is always inadmissible.

**1.      Evidence of Mr. Chrisman's Guilty Plea is Irrelevant.**

Here, Mr. Chrisman faces charges of witness tampering (Count III), obstruction of an agency proceeding (Count IV), and contempt (Count V). In short, to prove these charges, the government must prove that Mr. Chrisman corruptly attempted to influence

the testimony of a witness in an official proceeding (Count III); corruptly influenced or obstructed the due and proper administration of justice in an official FAA proceeding (Count IV); and knowingly and willfully violated a clear court order (Count V). The fact that Mr. Chrisman plead guilty to two counts of making false statements to the government does not have any tendency in reason to make the elements of Counts III through V more or less likely. *See* FED. R. EVID. 401.  Thus, because Mr. Chrisman's guilty plea has nothing to do with the remaining charges, evidence of the plea is irrelevant and, therefore, inadmissible. *See* FED. R. EVID. 402.

### 2. Evidence Relevant Only to Counts I and II Should be Excluded.

The government's exhibit list indicates that it intends to introduce Mr. Chrisman's Form 8500-8s from 1980 to 2019. But, even when Counts I and II were still at issue, the government only intended to introduce Mr. Chrisman's Form 8500-8s from 2012 to June 2018. (*See* Dkt. 58). For the reasons explained in Mr. Chrisman's Response to the United States' Motion in Limine No. 2 (Dkt. No. 66, adopted and incorporated herein by reference) Mr. Chrisman's Form 8500-8s have nothing to do with Counts III through V of the Superseding Indictment. Showing the jury nearly *40 years* of Mr. Chrisman's Form 8500-8s will not advance the government's case as to Counts III, IV, or V because those *80* forms have nothing to do with Mr. Chrisman's conduct in January 2019. Such irrelevant evidence should be excluded under Rule 402.

Likewise, 10 years' worth of Mr. Chrisman's FAA airman medical certificates and testimony from the AME who saw him for the charged counts, Dr. Bussey, have no tendency to show that in January 2019 Mr. Chrisman endeavored to obstruct justice and tamper with a witness (Dr. Brath) in violation of an order of this Court. *See* FED. R. EVID. 401. Dr. Bussey performed the AME examinations for Mr. Chrisman for December 2017 and June 2018 – these are the two examinations that support the two counts of the guilty plea.  The remaining counts all involve a different AME, Dr. Brath.  The evidence of the prior AME examinations, the medical certificates and Dr. Bussey's views etc. only had bearing on Counts I and II. But, of course, Mr. Chrisman has plead guilty to those counts.

4824-8424-2861.1

Thus, this evidence is no longer relevant or admissible.

## B. Rule 404(b)(1) Prohibits the Introduction of Evidence of Crimes or Bad Acts Committed by Mr. Chrisman.

Rule 404(b) generally prohibits parties from using evidence of a "crime, wrong, or other act" to prove a person's character but provides that such evidence is admissible in certain limited circumstances. In the Ninth Circuit, when a party seeks to admit evidence under Rule 404(b)(2)'s exceptions, such evidence is admissible only if: "(1) the evidence tends to prove a *material* point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (emphasis added). In proving prong one, "'the government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" *Id.* (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)). "[E]xtrinsic acts evidence is not looked upon with favor," and the Ninth Circuit has "emphasized [its] reluctance to sanction the use of evidence of other crimes." *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993). "Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *Id.*

### 1. Mr. Chrisman's Guilty Plea is Evidence of a Crime and Thus Properly Excluded Under Rule 404(b)(1).

Here, Mr. Chrisman's guilty plea is evidence that he committed a crime. Thus, the government may not use it to show that Mr. Chrisman has a propensity to lie or commit other crimes. *See* FED. R. EVID. 404(b)(1) *United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2018) (holding that Rule 404 exists to curb the use of "bad man" evidence, which is of slight probative value). Yet that is the only purpose that evidence of Mr. Chrisman's guilty plea could serve if the Court permits the government to admit such evidence.

Even if the government alleges another purpose for the evidence, the government

MR. CHRISMAN'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO GUILTY PLEA
-4-
Case No. 3:18 CR 390 VC
4824-8424-2861.1

must show that Mr. Chrisman's plea tends to prove a material point. But Mr. Chrisman's guilty plea does not prove any material point. That Mr. Chrisman admitted to making false statements on two Form 8500-8s from December 2017 and June 2018 is irrelevant to whether he committed contempt, obstruction of justice, or witness tampering in January 2019. In fact, although the Superseding Indictment is ambiguous, it may be that the "official proceeding" that Mr. Chrisman is alleged to have obstructed and, presumably, before which Dr. Brath was to testify, was a proceeding before the Federal Aviation Administration. The purpose of that proceeding was to determine if Mr. Chrisman was physically and mentally fit to fly, not to investigate the falsity of his statements on the Form 8500-8s. Accordingly, it is clear that Mr. Chrisman's guilty plea to Counts I and II is irrelevant to the remaining counts and certainly does not assist in proving a material point. *See Mayans*, 17 F.3d at 1181. Because Mr. Chrisman's guilty plea on Counts I and II has no tendency to prove a material point, evidence of the plea should be excluded under Rule 404(b)(1)'s general prohibition against evidence of prior crimes.

### 2. Evidence Relevant to Counts I and II Likewise must be Excluded Pursuant to Rule 404(b)(1).

Evidence indicating Mr. Chrisman's guilt on Counts I and II, such as Mr. Chrisman's Form 8500-8s and testimony from Dr. Bussey, will have the natural and probable effect of showing that Mr. Chrisman made false statements to the government, which is a crime. However, such evidence has no bearing on any material point that the government must prove in order for the jury to convict Mr. Chrisman on Counts III through V. *See Mayans*, 17 F.3d at 1181. For example, 80 of Mr. Chrisman's Form 8500-8s will not aid the government in proving that Mr. Chrisman violated an order of this Court, or that he was aware of that order and intended to violate it. Nor will such evidence aid the government in proving that Mr. Chrisman had the corrupt intent required to prove obstruction of justice and witness tampering, or any other elements of those charges. Of course, the government may wish to introduce such evidence to show that

Mr. Chrisman, in that past, had acted with knowing *mens rea*, i.e., in making false statements to the government, thus he likely was acting with corrupt intent in January 2019. But such propensity evidence is precisely what Rule 404(b)(1) is designed to exclude. This is why the Ninth Circuit has approached extrinsic evidence with disfavor and reluctance. *See Bradley*, 5 F.3d at 1320. Because extrinsic evidence tending to prove Mr. Chrisman's guilt is inevitably propensity evidence, such evidence should be excluded under Rule 404(b)(1).

### C. The Prejudicial Effect of Introducing Evidence of the Guilty Plea and Evidence Supporting Mr. Chrisman's Guilt of Counts I and II Far Outweighs Any Probative Value it may have.

To the extent that Mr. Chrisman's guilty plea or evidence supporting the same has some marginal relevancy to some minor issue in this case, it must nonetheless be excluded under Rule 403. Rule 403 requires courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Exclusion of evidence under Rule 403 is a balancing test; evidence of slight probative value may be excluded even upon a marginal showing of potential prejudice or confusion. *See, e.g., United States v. Hays*, 103 F. App'x 255, 256 (9th Cir. 2004) (evidence regarding airplane's defects was of slight probative value and improperly admitted in violation of Rule 403); *United States v. Waters*, 627 F.3d 345, 355 (9th Cir. 2010) (trial court improperly admitted articles that had slight probative value regarding intent and ran the risk of prejudicing the jury).

### 1. Rule 403's Balancing Test Warrants Exclusion of any Evidence of Mr. Chrisman's Guilty Plea.

"[D]istrict court[s] must take great care to limit the evidence of previous convictions and to avoid unnecessary prejudice to the defendant." *United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005) (finding it was error for court to permit admission of defendant's four prior convictions); *Wood v. Montana Dep't of Revenue*,

No. CV 10-13-H-DWM, 2011 WL 4348301, at *1 (D. Mont. Sept. 16, 2011) (applying *Weiland* and Rule 403 to exclude evidence of prior guilty plea given its marginal probative value).

Here, Mr. Chrisman's guilty plea on Counts I and II has *no* relevance to Counts III through V, and would unfairly prejudice the jury against Mr. Chrisman by indicating that he already is guilty.  Moreover, evidence of the guilty plea likely would confuse the issues in the case, as the jury could consider evidence of the plea as evidence that Mr. Chrisman committed the remaining three crimes. Whatever marginal relevance that the government may claim lies in Mr. Chrisman's guilty plea is substantially outweighed by the prejudice that Mr. Chrisman will face if the jury learns of the guilty plea. Thus, any evidence of Mr. Chrisman's guilty plea should be excluded under Rule 403.

### 2. Evidence Indicating Mr. Chrisman's Guilt of Counts I and II will Result in Confusion, Unfair Prejudice, and a Waste of Time.

As explained above, evidence indicating that Mr. Chrisman is guilty of Counts I and II is irrelevant—he already plead guilty to those counts.  However, even if the government can make a case for some marginal relevance of such evidence, such as the Form 8500-8s providing some context, it need not admit *all* of the evidence it presently seeks to give the jury a sufficient flavor for the background facts of the case. If the Court permits government to admit *80* of Mr. Chrisman's Form 8500-8s along with over ten years of his airman medical certificates and testimony from Dr. Bussey, whose testimony will not advance a single element of the government's case, not only will it prejudice the jury against Mr. Chrisman by indicating that he has made false statements to the government, but it will also confuse the jury as to what it must decide in this case and waste the juror's, and the Court's, time. Thus, evidence relevant only to Mr. Chrisman's guilt on Counts I and II should be excluded pursuant to Rule 403.

4824-8424-2861.1

## CONCLUSION

For the foregoing reasons, Mr. Chrisman respectfully requests that this Court grant this motion and exclude at trial any and all reference to, or evidence of, Mr. Chrisman's guilty plea and the evidence relevant to the false statement counts.

DATED: November 20, 2019

**LAW OFFICES OF JONATHAN D. McDOUGALL**
JONATHAN D. McDOUGALL

**FOLEY & LARDNER LLP**
Pamela L. Johnston
Daniel R. Sturm

*/s/ Pamela L. Johnston*
Pamela L. Johnston
Attorneys for Defendant
GREGORY JAMES CHRISMAN

4824-8424-2861.1