Pages 1 - 16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) VS. ) ) GREGORY JAMES CHRISMAN, ) ) Defendant. ) _____) | NO. CR 18-390 |

San Francisco, California
Tuesday, October 29, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California 94102
  BY: **AJAY KRISHNAMURTHY**
      **DAVID J. WARD**
      **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        LAW OFFICE OF JONATHAN MCDOUGALL
        461 Laurel Street
        San Carlos, California 94070
  BY: **JONATHAN D. MCDOUGALL**
      **ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By: Ruth Levine Ekhaus, RDR, FCRR
              Official Reporter, CSR No. 12219

```
 1   APPEARANCES:  (CONTINUED)

 2   For Defendant:
                              FOLEY & LARDNER
 3                            555 South Flower Street
                              Suite 3300
 4                            Los Angeles, California 90071
                         BY:  PAMELA L. JOHNSTON
 5                            ATTORNEY AT LAW
```

| | |
|---|---|
| 1 | <u>**Tuesday - October 29, 2019**</u>                                    <u>**11:28 a.m.**</u> |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Calling case number 18 CR 390, U.S.A. |
| 5 | versus Gregory Chrisman. |
| 6 | Counsel, please step forward and state your appearances |
| 7 | for the record. |
| 8 | **MR. KRISHNAMURTHY:** Good morning, Your Honor. Ajay |
| 9 | Krishnamurthy and David Ward for the United States. |
| 10 | **THE COURT:** Good morning. |
| 11 | **MR. McDOUGALL:** Good morning, Your Honor. Jonathan |
| 12 | McDougall appearing with Gregory Chrisman. He is present |
| 13 | before the Court, not in custody. |
| 14 | **THE COURT:** Hello, Mr. Chrisman. |
| 15 | **THE DEFENDANT:** Good morning, Your Honor. |
| 16 | **MS. JOHNSTON:** Good morning, Your Honor. Pamela |
| 17 | Johnston, also for Mr. Chrisman. |
| 18 | **THE COURT:** Okay. So I wanted to call you all in for |
| 19 | a status conference because I heard through the grapevine that |
| 20 | perhaps Alex Tse was going to be appointed to be a magistrate |
| 21 | judge. And so, I knew that the Government's trial team would |
| 22 | be changing and I just want to make sure that we were still on |
| 23 | schedule. |
| 24 | **MR. KRISHNAMURTHY:** Yes, Your Honor. |
| 25 | **THE COURT:** Ready to go? |

1  **MR. KRISHNAMURTHY:** Yes. There is one issue. The
2  grand jury returned a superseding indictment last week.
3  **THE COURT:** Okay.
4  **MR. KRISHNAMURTHY:** At this time, there are materials
5  that I think that we would be required to produce that are
6  currently protected by Rule 6(e) and I understand defense
7  counsel is anxious to get their -- to view that material.
8  I submitted an order this morning to the Court to allow us
9  to produce that material. I think they were hoping that the
10 Court would also orally order the production of that material
11 as well, and we could hand it over at the end of this hearing.
12 **MR. McDOUGALL:** There are, on those issues, Your
13 Honor, there are a few things I would like to highlight for the
14 Court because I know the Court has made it clear that we are
15 set in December, and the defense has -- Mr. Chrisman and the
16 defense team has been working extremely hard to be ready for
17 that date.
18 The basis of the superseding indictment appears to be
19 information related to some December of 2018 discussions that
20 trailed into some electronic communications in January of 2019.
21 **THE COURT:** Does this relate to -- are you referring
22 to discussions between Mr. Chrisman and federal agents?
23 **MR. McDOUGALL:** No.
24 **THE COURT:** Well, because that was something that came
25 up at the last the hearing.

| | |
|---|---|
| 1 | **MR. McDOUGALL:**  What came up were discussions between |
| 2 | Mr. Chrisman and an IME doctor. |
| 3 | **THE COURT:**  Okay.  Right. |
| 4 | **MR. McDOUGALL:**  We don't intend to produce those |
| 5 | discussions unless we perceive a way of -- additional charges. |
| 6 | The concern for Mr. Chrisman is that the Government was |
| 7 | aware in April of 2019 and the nature of that investigative |
| 8 | report was generated somewhat late, provided to the defense in |
| 9 | August, which partly prompted the last request to continue the |
| 10 | trial.  Now, there is a superseding indictment that went |
| 11 | forward about a week and a half ago, a week ago. |
| 12 | And we immediately requested any and all discovery.  There |
| 13 | is three critical pieces that we're waiting on.  One of which |
| 14 | is notes or an investigative report related to a discussion in |
| 15 | preparation for the testimony in front of the grand jury. |
| 16 | Obviously, the grand jury transcript, and there appears to be |
| 17 | an electronic communication that were included as an exhibit |
| 18 | during the grand jury.  Certainly those three pieces of |
| 19 | evidence are -- |
| 20 | **THE COURT:**  Can you tell me what they are one more |
| 21 | time? |
| 22 | **MR. McDOUGALL:**  Sure.  One is notes or an |
| 23 | investigative report of an interview done with Dr. Brath, prior |
| 24 | to the grand jury testimony. |
| 25 | **THE COURT:**  Okay. |

1    **MR. McDOUGALL:** The transcript of the grand jury testimony of Dr. Brath, as well as there appears to be electronic communication that was marked and attached as an exhibit during the grand jury testimony. Those appear to be the critical pieces of discovery related to the new charges.

The defense also looked at the actual particularity of the superseding indictment to see if we could be sort of apprised of what the basis was. And there isn't a whole lot of specificity in the superseding indictment, the new charges, that would highlight to us what we may be able to do for in limine motions due next week and pretrial statement next week.

So we're getting close to the timeline now where we're ready for the Court's standing orders for next week. Hopefully, if we can get this material immediately, or no later than the end of this week, we can stay on track.

**THE COURT:** So the new counts are 3, 4, and 5?

**MR. KRISHNAMURTHY:** That's correct.

**THE COURT:** Okay. Hold on a second.

I counted 5 -- I mean the one that I can't -- I'm not sure I follow is Count 5. What are you alleging in Count 5?

**MR. KRISHNAMURTHY:** Yes, Your Honor. There is --

**THE COURT:** What is the conduct that gives rise to Count 5?

**MR. KRISHNAMURTHY:** It's the same nucleus effects that give rise to Counts 3 and 4. There was a condition of

1  Mr. Chrisman's pretrial release that required him to not
2  harass, threaten, intimidate, injure, tamper with, retaliate
3  against any witness in this case.
4      **THE COURT:** Okay. And for my own purposes can you
5  describe with some specificity the conduct that you allege that
6  Mr. Chrisman engaged in that gave rise to Counts 3, 4, and 5.
7      **MR. KRISHNAMURTHY:** Yes, Your Honor. Mr. Chrisman
8  contacted a medical examiner, Dr. Brath in this case, and asked
9  him to provide certain information in writing to the FAA that
10 Dr. Brath did not believe was accurate, and that Dr. Brath did
11 not believe was consistent with the discussions that he and
12 Mr. Chrisman had had about that information.
13     **THE COURT:** So he asked -- according to your
14 allegations, he asked Dr. Brath to provide information in
15 writing to the FAA that Brath didn't believe was accurate.
16     **MR. KRISHNAMURTHY:** Correct.
17     **THE COURT:** What did he ask him to provide?
18     **MR. KRISHNAMURTHY:** He essentially asked him to
19 provide that -- to say that at the time that Mr. Chrisman
20 reported that he had no medical disability, that he had
21 discussed that with Dr. Brath at the time and that Dr. Brath
22 had advised him not to report that.
23     **THE COURT:** So your allegation is that Mr. Chrisman
24 asked Dr. Brath to report that Dr. Brath had advised
25 Mr. Chrisman to report that he did not have any medical

1  disability?

2  **MR. KRISHNAMURTHY:** Correct.

3  **THE COURT:** Okay. At the time that he was filing --
4  the time he filed the first form which stated that --

5  **MR. KRISHNAMURTHY:** Yes, Your Honor, I believe it was
6  the first form.

7  **THE COURT:** Okay. And so that -- so Mr. Chrisman
8  asking Dr. Brath to do that constitutes a violation of these
9  three statutes?

10 **MR. KRISHNAMURTHY:** Yes, Your Honor. They --

11 **THE COURT:** Because I'm just reading -- you know, I
12 don't have the statutes in front of me. I'm just reading from
13 the superseding indictment.

14 But you say that (reading):

15 "Gregory James Chrisman did knowingly use
16 intimidation, threaten, and attempt to corruptly persuade
17 another person with the intent to influence, delay, or
18 prevent the testimony of a person in an official
19 proceeding."

20 So how does that -- how does your factual description fit
21 into that language that's in the superseding indictment?

22 **MR. KRISHNAMURTHY:** Your Honor, Dr. Brath had been
23 contemplated as a potential witness in our case as well.

24 **THE COURT:** I'm sorry. I didn't hear that.

25 **MR. KRISHNAMURTHY:** Dr. Brath had been contemplated as

a potential witness in our case as well. And of course that could also bear on Mr. Chrisman's consciousness of guilt and essentially what he understood at the time that he was filling out those forms.

    **THE COURT:** Well, I understand the notion that it might reflect on Mr. Chrisman's consciousness of guilt as to the first two counts, but I'm trying to -- the way you described it, you said that he asked -- he asked Brath to say this to the FAA, right?

And just -- can you map that onto this language in the indictment to explain your theory of why he committed this crime?

    **MR. KRISHNAMURTHY:** Correct. I mean, it think it falls into the "corruptly persuade another person" prong.

    **THE COURT:** Okay. I assume that part of that is Chrisman had to know that Brath was testifying, was going to be testifying before the grand jury?

    **MR. KRISHNAMURTHY:** I don't know that Mr. Chrisman had contemplated or -- or Mr. Chrisman had contemplated that at that time. But, as I mentioned before, I do think that Dr. Brath had been contemplated as a witness in our trial as well.

    **THE COURT:** Well, just I'm wondering, again, I don't know the answer to these questions. These are just questions that are popping out at me from reading the superseding

1    indictment.  Well, I'm sort of assuming that just based on
2    reading what you say in the indictment -- which I don't know if
3    it's an accurate description of the statute -- but might this
4    be a situation where, you know, if -- assuming the truth of
5    your factual allegations that if Chrisman did this to try to
6    get Brath to say something to the FAA, that that would not
7    constitute the crime of witness tampering.  But if he was
8    trying to get Brath to say something to the grand jury, it
9    would constitute the crime of witness tampering.
10        Did anybody give any thought to that question before
11   obtaining a superseding indictment from the grand jury?
12        **MR. KRISHNAMURTHY:**  Your Honor, to be candid, I was
13   not the person who obtained this indictment.  I do believe that
14   that issue had been fleshed out prior to seeking this
15   indictment.
16        **THE COURT:**  Okay.  Because what you just described to
17   me factually was an attempt to get Brath to say something to
18   the FAA, not an attempt to get Brath to say something to the
19   grand jury, right?
20        **MR. KRISHNAMURTHY:**  That's correct.  But, Your Honor,
21   the way that this situation arose was Mr. Chrisman allegedly
22   going to Mr. Brath and asking him to put in writing a
23   conversation that Mr.-- that Dr. Brath did not think was
24   correct.  And obviously that conversation relates to the same
25   nucleus of facts that we charged in Counts 1 and 2 of this case

1  as well. So, essentially, it would be the same recollection
2  that Dr. Brath was giving to the FAA that he would be giving in
3  our case as well.
4  **THE COURT:** In other words, are you saying that -- are
5  you saying that this happened -- I have got my timeline mixed
6  up, maybe.
7  So you're alleging that this happened, this conversation
8  between Chrisman and Brath happened in December of 2018; is
9  that what you said?
10  **MR. KRISHNAMURTHY:** Yes, during the pendency of this
11  case.
12  **THE COURT:** And this case had already been filed by
13  that time?
14  **MR. KRISHNAMURTHY:** Yes, Your Honor.
15  **THE COURT:** Okay. But if he -- I mean, it still
16  raises a question, doesn't it? I mean, if he is asking Brath
17  to say something -- he knows that there are charges pending
18  against him, criminal charges pending against him. And he is
19  not asking Brath to testify a certain way, or he is not asking
20  Brath to tell the prosecutor something. He is asking Brath to
21  say something to the FAA. It's not obvious to me, at least,
22  you know, I obviously don't know the answer. But it's not
23  obvious to me that that would fit the definition of these
24  crimes in Counts 4 and 5. I mean, 3 and 4. I haven't really
25  looked at 5.

| | |
|---|---|
| 1 | **MR. KRISHNAMURTHY:** Yes, Your Honor, I see the issue |
| 2 | that the Court is raising. |
| 3 | **MS. JOHNSTON:** Your Honor -- |
| 4 | **THE COURT:** Yeah. |
| 5 | **MS. JOHNSTON:** So this is some of the questions that |
| 6 | we have had as well. When we looked at the indictment when we |
| 7 | got it late last week, we couldn't tell what the conduct was |
| 8 | that the grand jury had agreed upon to constitute the witness |
| 9 | tampering, the obstruction and the contempt. And that's what |
| 10 | the Court has been asked asking the Government about today. |
| 11 | To me, that makes the indictment defective because of |
| 12 | course the grand jury, not the Government, must decide if the |
| 13 | conduct, in fact, constitutes contempt, witness intimidation, |
| 14 | and obstruction. |
| 15 | **THE COURT:** I sort of doubt that. I think what has to |
| 16 | happen is the defense has to get the information necessary |
| 17 | to -- you know, all of the information that's material to the |
| 18 | defense. |
| 19 | And whatever goods the Government has on the defendant, |
| 20 | you know, the Government needs to turn over with respect to |
| 21 | these charges. I'm not sure, you know, again, I haven't looked |
| 22 | at the sufficient -- at the law regarding sufficiency of the |
| 23 | indictment in a while. But my recollection of it is that this |
| 24 | is enough as long as the discovery is turned over to give the |
| 25 | defense the ability to understand the charges. |

1   **MS. JOHNSTON:** The only issue we have with that, Your
2   Honor, is what the Court and everybody has been talking about
3   is do the facts, in fact, constitute "corruptly". In fact,
4   that's what this discussion has been about. And that's for the
5   Court to determine if the facts as alleged are sufficient to
6   constitute "corruptly". And that has not been alleged in the
7   indictment. That's where I see the defect.
8   It also is unclear as to what an official proceeding is,
9   as to whether that's this case, or something else, because it
10  wasn't spelled out in connection with the indictment. Although
11  based upon the fact that it's witness tampering -- I mean, I
12  just, you just can't tell.
13  **THE COURT:** Although, I assume that the three items
14  that Mr. McDougall identified will kind of provide us the
15  answer to that question, right, the grand jury testimony and,
16  you know, these documents.
17  **MR. McDOUGALL:** And the Court is correct because the
18  Government had this information in April. Their investigators
19  had gone to Dr. Brath and discussed with him those issues.
20  They provided that in August. Something has changed between
21  essentially April and August --
22  **THE COURT:** What was provided in August?
23  **MR. McDOUGALL:** The investigators went out and spoke
24  with Dr. Brath in April of 2019. And at that time Dr. Brath
25  had highlighted for them that there was a discussion between

1  Mr. Chrisman and himself about this issue of writing a letter
2  and in some way getting Dr. Brath to say something that perhaps
3  Dr. Brath felt was inaccurate.
4      They were aware of that in April.  They provided that
5  investigative report in April.  So at some point between August
6  and the last few weeks when they decided to proceed by way of
7  superseding indictment, some information must have prompted
8  them to do that.
9      And, maybe, our guess is that they recontacted Dr. Brath
10 and got more information as to what had occurred.  And, in
11 addition, there may be an e-mail that was sent.  This is the
12 information, at this point I think we need to figure out if the
13 facts support those charges.
14          **THE COURT:**  Maybe they were just moving slow.  I mean,
15 what does the report -- what does the August report say?
16          **MR. McDOUGALL:**  It's an April report provided to us in
17 August.  It was just that, that Mr. Chrisman had done his
18 medical exam in December of 2018, and they had a discussion at
19 that point regarding whether or not Dr. Brath could articulate
20 when he was aware of a disability, something of that nature.
21 We don't have much detail more than two sentences in the April
22 investigate report.  And we haven't received anything else
23 regarding that conversation.  And that's what we're waiting on
24 now.
25          **THE COURT:**  The April investigate report contains only

```
 1  two sentences about this conversation that --
 2          MR. McDOUGALL:  Correct.
 3          THE COURT:  That is now the subject of the three new
 4  counts.
 5          MR. McDOUGALL:  That's correct.
 6          THE COURT:  Okay.
 7          MS. JOHNSTON:  Your Honor, just for renewal, it was
 8  attached to our motion to suppress that was sort of the
 9  focus --
10          THE COURT:  That report?
11          MS. JOHNSTON:  That report.
12          THE COURT:  Okay.  So I looked on the docket.  I
13  didn't see any proposed order or stipulation, but Kristen just
14  passed me a note to say she e-mailed it to me.  So let me pull
15  it up here.
16      That's granted.  You can turn that over.
17      So what you will be turning over is not just the grand
18  jury transcript, but also the documents?
19          MR. KRISHNAMURTHY:  Yes, Your Honor.
20          THE COURT:  That would refer to -- okay.  All right.
21  And when is the pretrial conference?
22          MR. KRISHNAMURTHY:  November 21st.
23          THE COURT:  Okay.  And trial is scheduled for what
24  date again?  December 2nd?
25          MR. McDOUGALL:  December 2nd.
```

1	**THE COURT:** December 2nd. Okay. And motions in
2	limine are due when?
3	**MR. McDOUGALL:** November 7th.
4	**THE COURT:** November 7th.
5	**MR. McDOUGALL:** That's correct.
6	**THE COURT:** Okay. Well, that's, like, 10 days from
7	now or something. And it does not appear from our discussion
8	that this is a -- you know, this is a bolt from the blue. And
9	it also appears that this is a fairly self-contained issue that
10	is going to be -- you know, that is going to be raised in
11	the -- that's raised by the three new counts and by the
12	materials that are being turned over. And, obviously, the
13	defense hasn't seen it yet.
14	So we will proceed as planned. And I will plan on seeing
15	you all on November 21st for the pretrial conference. And
16	obviously if anything comes up between now and then, just let
17	us know.
18	**MR. KRISHNAMURTHY:** Thank you, Your Honor.
19	**MR. McDOUGALL:** Thank you, Your Honor.
20	**THE COURT:** Okay. Thank you.
21	(Proceedings adjourned at 11:48 a.m.)
22	---o0o---
23
24
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, February 11, 2020

_____

Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court