DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
DAVID WARD (CABN 239504)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7050
   FAX: (415) 436-7234
   Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>GREGORY JAMES CHRISMAN,<br><br>   Defendant. | **CASE NO. 18-CR-390-VC**<br><br>United States' Sentencing Memorandum<br><br>October 19, 2020<br>2:00 p.m. |

Defendant Gregory James Chrisman pled guilty to two counts of making false statements, in violation of 18 U.S.C. § 1001. The United States respectfully requests that the Court impose a non-custodial sentence of two years' probation. This sentence will provide adequate general deterrence and promote respect for the law, but also recognizes Chrisman's two decades of service to the United States in the Air Force Reserves.

**I.    Background**

Chrisman previously worked as a commercial pilot, and this prosecution arises from false statements that Chrisman made on medical certifications submitted to the Federal Aviation Administration (FAA). These certifications are known as Form 8500-8s.

1

### A. *The Airman Medical Certificate (Form 8500-8)*

In order to fly, commercial pilots such as Chrisman must obtain an "Airman Medical Certificate, which demonstrates that the airman meets the FAA's airman medical standards." ECF No. 35 at 3, 4. (Declaration of FAA Southern Regional Flight Surgeon Susan Northrup, MD). The airmen medical certification requirement was developed "to reduce the risk of an aircraft accident or incident by identifying . . . medical, physical, and/or mental conditions that could potentially impair or incapacitate the pilot." *Id.* at 4.

Applicants for an Airman Medical Certificate begin the medical certification process by completing a FAA Form 8500-8." *Id.* The Form 8500-8 requires an applicant to accurately describe their medical history. *Id.* at 5. In particular, "Item 18 lists a series of specific medical conditions and asks the applicant whether he or she has ever been diagnosed with any of the conditions." *Id.* at 5. Item 18 "also asks whether pilots receive medical disability benefits." *Id.*

After submitting the Form 8500-8, the applicant must then meet with an Aviation Medical Examiner (AME), who is "a civilian physician designated and trained by the FAA to screen individuals for fitness to perform aviation duties." *Id.* at 3. The AME "reviews the medical information and medical history that the applicant has submitted" on their Form 8500-8, including the "airman's prior history, demographics, medications, and previous medical visits." *Id.* at 3. The AME then "uses the history provided by the applicant and the results from the physical examination to make a medical determination as to whether the applicant is qualified to receive the airman medical certificate." *Id.* at 4.

The FAA's medical certification process is based on the "honor system," and the FAA "relies on the truthfulness and integrity of applicants." *Id.* "If an applicant is untruthful or withholds medical information, this affects decision-making and may lead the AME and the FAA to make an inappropriate certification decision thereby issuing a certificate to an applicant who is not medically qualified." *Id.* at 4.

In August 2018, Chrisman was charged with two counts of making false statements, in violation of 18 U.S.C. § 1001(a)(2), for claims made on his December 10, 2017 and June 24, 2018 Form 8500-8s. ECF No. 1. As relevant here, the indictment alleged that Chrisman falsely certified that he had never received any medical disability benefits on both Form 8500-8s, even though he had been receiving

medical disability benefits from the Department of Veterans Affairs since 2011. ECF No. 1 at 4.

B.   *Chrisman's Post-Indictment Conduct*

In December 2018—after being charged—Chrisman visited an AME named Dr. William Brath. Dr. Brath reviewed Chrisman's Form 8500-8s between at least 2012 and 2017.[1] At that time, Chrisman told Dr. Brath that he had been receiving disability benefits from the Department of Veterans Affairs. ECF No. 59-2 at 2 (FAA OIG Memorandum of Interview, Dr. William Brath). "Until then, [Dr.] Brath had no idea Chrisman was receiving VA disability benefits." *Id.* at 2–3. Despite this lack of knowledge, Chrisman then asked Dr. Brath to write a letter falsely stating that Dr. Brath had already known about the benefits, and also falsely stating that Dr. Brath had advised Chrisman not to report receiving those benefits to the FAA. Exhibit 1.

Chrisman subsequently followed up by e-mail. On January 7, 2019, Chrisman asked if Dr. Brath would be "willing to write a letter on [his] behalf." ECF No. 59-3 at 2. The "purpose" of the letter, according to Chrisman, was to "help clarify that, although [he] did not fill out the FAA 8500-8 to the VA's satisfaction, the FAA has been informed on [his] medical status." *Id.*

Dr. Brath did not write the letter that Chrisman wanted. If Dr. Brath had, however, the letter would have been false. The record demonstrates Chrisman knew that he was asking Dr. Brath to write a false letter. *First*, on December 3, 2018—while Chrisman was still in the process of seeking Dr. Brath's assistance—Chrisman wrote a letter to the FAA in which he tried to explain his failure to report the medical disability benefits. In the letter, Chrisman made no mention of Dr. Brath's supposed advice. Instead, he wrote that although he "began receiving Veterans administration Disability Benefits in October 2011," he "neglected to" report those benefits, and never corrected his error because he "let fear overtake" him. Exhibit 2.

*Second*, in his application to plead guilty, Mr. Chrisman stated that, at the time he falsely certified he had never received medical disability benefits, he "knew he was receiving service-related compensation which is a form of medical disability benefits from the U.S. Department of Veterans Affairs" and knew that his false certifications were "unlawful." ECF No. 62-1 at 2. This too is contrary

---

[1] On those earlier Form 8500-8s, Chrisman—just as he did for the 2017 and 2018 Form 8500-8s—falsely stated that he had never received medical disability benefits.

3

to the letter that Chrisman wanted Dr. Brath to write.

C. *Chrisman's guilty plea*

On November 14, 2019, Chrisman entered an open guilty plea to the two false statement charges for which he is being sentenced.

**II.   Guidelines**

The United States agrees with the United States Sentencing Guidelines (USSG) calculation set out in the PSR.

|  | **USSG Section** | **Level/Points** |
|---|---|---|
| Base offense level | § 2B1.1(a)(2) | 6 |
| Obstruction adjustment | § 3C1.1 | +2 |
| Acceptance of Responsibility | § 3E1.1 | 0 |
| **Adjusted Offense Level** |  | **8** |

This Court should overrule Chrisman's objections to the application of USSG §§ 3C1.1 and 3E1.1.

A. *The Obstruction Adjustment (USSG § 3C1.1) Applies*

USSG § 3C1.1 provides for a two-level upward adjustment if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." As relevant here, the commentary to the Guideline includes the following examples of conduct that can trigger this enhancement: "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding" and "unlawfully influencing . . . a witness . . . or attempting to do so." USSG § 3C1.1, comment., (n.)(4).

The USSG § 3C1.1 enhancement applies because after his indictment in this case, Chrisman

visited Dr. Brath, and tried to convince Dr. Brath to help him manufacture a false defense—specifically, that Mr. Chrisman had acted on Dr. Brath's advice in making the false statements described above.

The false statement charges that Chrisman faced required the United States to prove that he acted "willfully": "that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful." Ninth Circuit Model Jury Instruction (2010) No. 8.73. The letter that Chrisman wanted Dr. Brath to write could have provided a defense in this case: if Chrisman could convince the jury that he had been acting on Dr. Brath's advice when he made false statements to the FAA, this would undercut the United States' effort to show that Chrisman knew that his statements were untrue and that he knew that his conduct was unlawful.

### B. *Chrisman Is Not Entitled to Acceptance of Responsibility*

The commentary to USSG § 3E1.1 says that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG § 3E1.1, comment. (n.)(4). Because Mr. Chrisman's conduct results in an enhancement under USSG § 3C1.1, he is not entitled to, and should not receive, a downward adjustment for the acceptance of responsibility under USSG § 3E1.1.

The Guidelines provide for an exception to this general rule if Chrisman's case is "extraordinary." USSG § 3E1.1, comment. (n.)(4) ("There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.").

Chrisman's circumstances are not extraordinary. He did not abandon his obstructive scheme of his own accord. Rather, the scheme was foiled because Dr. Brath refused to play along. And Chrisman persisted in maintaining his innocence for the false statement charges until the United States uncovered this scheme. Under these circumstances, Chrisman's conduct is "inconsistent with [his] acceptance of responsibility." *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994).

### III.     Recommendation

This is a serious offense, and one that goes to the integrity of the FAA's process for safeguarding airline passengers. Chrisman's false statements deprived the FAA of the ability to make accurate decisions about the risks that Chrisman posed during flight. ECF No. 35 at 2.

For the reasons set out in the PSR, however, the United States concurs with Probation that a non-

custodial sentence is appropriate. First, Chrisman's nearly two decades of service to the United States through the Air Force Reserves merits consideration. Second, given the nature of the offense and Chrisman's current employment status (he is unemployed and has lost his pilot's license), a custodial sentence is not necessary to provide adequate deterrence. 18 U.S.C. § 3553(a). For these reasons, the United States respectfully requests impose a two-year term of probation.

DATED:	September 15, 2020	Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Ajay Krishnamurthy*
AJAY KRISHNAMURTHY
DAVID WARD
Assistant United States Attorneys